UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DEBORAH ANN SPIVEY SWANGSTU,** } } } | |
| **Plaintiff,** } } | **CASE NO. CV 01-B-2414-E** |
| vs. } } | |
| **PEMCO AEROPLEX, INC.,** } } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Currently before the court is plaintiff Deborah Ann Spivey Swangstu's Motion to Reconsider the court's grant of summary judgment for defendant Pemco Aeroplex, Inc. ("Pemco") (doc. 30),[1] and Supplementation to the Motion. (Doc. 32.) Upon consideration of the record, the arguments of plaintiff's counsel, and the relevant law, the court is of the opinion that plaintiff's motion is due to be denied.

### I. PROCEDURAL HISTORY

Plaintiff filed her complaint on September 25, 2001, alleging that defendant terminated her in violation of the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*. (Doc. 1.) Pemco filed a motion for summary judgment on September 10, 2002. (Doc. 11.) A magistrate judge recommended that the motion for summary judgment be denied on June 4, 2003. (Doc. 22.) On the same date, the magistrate judge entered an order that noted that

---

[1] Reference to document number, ["Doc."], refers to the number assigned to each document filed in the court's record.

the parties had not consented to the exercise of final jurisdiction by the magistrate. (Doc. 23.) The case then came before this court. After considering the record, including defendant's objections to the magistrate judge's report and recommendation, the court concluded that summary judgment was due to be granted, thereby rejecting the report and recommendation. (Docs. 28-29.) The court granted summary judgment on March 25, 2004. (Doc. 29.) Plaintiff filed a motion for reconsideration, (Doc. 30), and then supplemented that motion six weeks later, (Doc. 32).

## II. FACTUAL SUMMARY

### A. The Underlying Events

Plaintiff does not dispute the facts as set forth in the court's memorandum opinion granting summary judgment for defendant. Therefore, the court will largely refer to the factual summary contained in that opinion. (Doc. 30.) The essential facts of this case begin with plaintiff's failure to report to work on Monday, August 20, 2001. (Doc. 18, Ex. 1 at 196-97.) Plaintiff complied with both FMLA and company policies and was approved by Pemco's Human Resource Department ("HRD") for a medical leave of absence from August 20, 2001, through August 26, 2001. (Doc. 12, Ex. F ¶ 7 and ex. 4.) However, on her doctor's instructions, plaintiff did not return to work on August 27, 2001. During the week of the 27th, she contacted her acting supervisor, Barbara Shell, on one or two occasions to tell her she could not yet return to work due to health problems. (Doc. 18, Ex. 1 at 100-02, 122, 130-31.) Plaintiff did not contact HRD to request an extension of her leave until September 5, 2001. (Doc. 12, Ex. A at 156-58.)

Defendant's company policy requires an employee who will be absent for five or more days to request a medical leave of absence from HRD. (Doc. 12, Ex. D at 16.) HRD has exclusive authority over the granting of such leave, (Doc. 12, Ex. F ¶ 3), although any absence of fewer than five days is monitored by the employee's supervisor, (Doc. 12, Ex. D at 15-18). On September 5, 2001, the seventh day that plaintiff was absent without leave, defendant terminated plaintiff pursuant to its policy.[2] (Doc. 12, Ex. D, ex. 1.)

### B. Plaintiff's Argument and the Court's Original Opinion

Plaintiff argues that it is a violation of the FMLA to terminate plaintiff for not calling a specific person in a department when 1) the plaintiff did not work in that department, 2) defendant knew of plaintiff's FMLA qualifying leave and event and 3) when Pemco's FMLA policy did not specifically require it. (Doc. 30 at 2.) Plaintiff, who was often in need of medical leave, alleges that on several occasions she would call only her supervisor when she was sick, (Doc. 18, Ex. 1 at 92, 109), and that she believed that leaves of absence were approved by her department head, not HRD, (*Id.* at 111). Because she contacted her acting supervisor when she was absent the week after her leave ended, plaintiff contends, "there is a genuine issue of disputed fact as to whether Plaintiff complied with the 'usual and customary' rules regarding notice." (Doc. 30 at 3 (quoting Doc. 28 at 12 (citing 29 C.F.R. § 825.302(d))).)

---

[2] Plaintiff was terminated pursuant to Pemco Company Rule 10, which states that an employee is subject to immediate discharge for being "[a]bsent five (5) consecutive working days . . . without reporting to [HRD] (voluntary quit) or reporting a reason not acceptable to [HRD]." (Doc. 12, Ex. D at 11-12.)

3

Defendant contended in its summary judgment brief that notice to the acting supervisor was insufficient because the policies in place at Pemco require that an employee give notice of the need for leave, or for an extension of leave, to HRD. (Doc. 13 at 2.) The court agreed with this argument in its Opinion granting summary judgment, finding that "Pemco's FMLA policy must be read in conjunction with Pemco Company Rule 10, which requires termination of an employee who misses five days of work without reporting to the HRD." (Doc. 28 at 10.) The court concluded:

> In this case plaintiff was informed, through her past leave forms, Pemco's company rules, and conversations with her supervisor, that she was required to report to Pemco's HRD to obtain an extension for her leaves of absence. Although she had complied with Pemco's requirements on prior occasions, plaintiff did not follow Pemco's procedures during the period at issue, and failed to notify Pemco's HRD of her need for leave. Plaintiff had access to a telephone during the time at issue (as she called her supervisor), but failed to call [the proper contact person at HRD], or anyone else in Pemco's HRD, at the number listed on the leave form. Therefore, plaintiff cannot claim she provided proper notice to Pemco of her need for an extension to her leave of absence, and Pemco is entitled to judgment as a matter of law on plaintiff's FMLA claim.

(*Id.* at 15.) Plaintiff now asks the court to reconsider this conclusion.

### III. STANDARD OF REVIEW

"A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "The court will not consider a previous ruling when the party's motion fails to raise new issues and

instead, only relitigates what has already been found lacking." *Int'l Ship Repair v. St. Paul Fire & Marine*, 922 F. Supp. 577, 579 (M.D. Fla. 1996) (citation omitted). "Courts have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.* (citing *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)).

### IV.  DISCUSSION

Neither of the first two grounds for reconsideration are present in this case. In its motion for reconsideration and the supplement to that motion, plaintiff relies primarily on the cases of *Baldwin-Love v. Electronic Data Systems Corp.*, 307 F. Supp. 2d 1222 (M.D. Ala. 2004),[3] and *Cavin v. Honda of America Manufacturing, Inc.*, 346 F.3d 713 (6th Cir. 2003), non-controlling cases for this court. Plaintiff does not contend that there is any new evidence that the court should take under consideration.

**A.  The Rationale of the Sixth Circuit's Decision in *Cavin v. Honda of America Manufacturing***

In *Cavin*, the Court of Appeals for the Sixth Circuit held that the plaintiff employee's daily telephone updates on his absence to the security staff of his employer were sufficient

---

[3] This case considers employees' duty to obtain medical certification of their need for FMLA leave and is not relevant to the issue of valid notice of that need to an employer. *Baldwin-Love v. Elec. Data Sys. Corp.*, 307 F. Supp. 2d 1222,1226-27 (M.D. Ala. 2004). The defendant employer did not contend that its plaintiff employee did not notify it of her need for leave, but merely that she failed to provide certification from her physician that she had actually been in need of leave. Therefore, because it is irrelevant to the sole issue the court considers, this case will not be considered further in this Opinion.

notice, for summary judgment purposes, to apprise his employer of his need for FMLA leave. 346 F.3d at 720-23. The court reached this conclusion despite a company policy that required that employees contact a particular department - the Leave Coordination Department - when they were absent for more than one day. *Id.* at 716. The plaintiff was absent for five working days before notifying the Leave Coordination Department of his need for leave. *Id.* at 717. He was eventually terminated, in part because his employer, the defendant, determined that his failure to notify the proper department disqualified his absences from FMLA leave. *Id.* at 717-18. He then filed suit alleging interference with his FMLA rights. *Id.* at 718.

The Sixth Circuit reversed the district court's grant of summary judgment for the defendant. The court stated that:

> Although the regulations do specifically contemplate the establishment of notice policies by individual employers, we agree with [the plaintiff] that the FMLA does not permit an employer to limit his employee's FMLA rights by denying them whenever an employee fails to comply with internal procedural requirements that are more strict than those contemplated by the FMLA.

*Id.* at 720. The court took particular note of the regulation found at 29 C.F.R. § 825.302(d):

> An employer may also require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave. For example, an employer may require that written notice set forth the reasons [for foreseeable leave]. However, failure to follow such internal employer procedures will not permit an employer to disallow or delay an employee's taking FMLA leave if the employee gives timely verbal or other notice.

6

*See Id.* at 721. This regulation deals only with foreseeable leave; both plaintiff in *Cavin* and in the instant case were in need of unforeseeable leave. Neither the quoted regulation nor the regulation dealing with unforeseeable leave deals with exactly *who* must be contacted in order for notice to be considered sufficient for purposes of the FMLA. *See* 29 C.F.R. § 825.303.

The *Cavin* court acknowledged that the Tenth Circuit held, in an unpublished opinion, that "'[t]he FMLA does not prohibit an employer from requiring its employees to give notice to specific company supervisors on the day the employee is going to be absent in a nonemergency situation, as in this case.'"[4] *Cavin*, 346 F.3d at 721 (alteration in original) (quoting *Holmes v. The Boeing Co.*, 166 F.3d 1221, 1999 WL 9760, at *3 (10th Cir. Jan. 12, 1999) (unpublished opinion)). In *Lewis v. Holsum of Fort Wayne, Inc.*, 278 F.38 706, 710 (7th Cir. 2002), the court concluded that an employer did not violate the FMLA by discharging an employee who "failed to comply with applicable company rules and policies" regarding leave notice where "it was *not impossible* for her to do so." (Emphasis added). However, the *Cavin* court found that both the Seventh and Tenth Circuits had "misinterpreted the FMLA's notice requirements," and concluded that the defendant could

---

[4] The quoted language refers specifically to a "nonemergency situation," which might seem to imply that the court was discussing foreseeable leave only. However, the plaintiff in *Holmes*, like plaintiff in the instant case, was absent for an unforeseeable illness and was capable of using a telephone to notify the proper person of his need for leave. *See Holmes v. The Boeing Co.*, 166 F.3d 1221, 1999 WL 9760, at *1 (10th Cir. 1999) (unpublished opinion); Doc. 12, Ex. A at 144-45; Doc. 18, Ex. 1 at 100-01, 122, 130-31.

not deny the plaintiff FMLA leave by enforcing its requirement that absent employees contact a particular department. *Id.* at 722-23.

Applying the reasoning of the *Cavin* decision to the instant case would lead to a conclusion that plaintiff did indeed give sufficient notice to her employer. As the court found in its original decision in this case, plaintiff called her acting supervisor at least once to notify her of plaintiff's need to remain absent from work. (Doc. 28 at 6.) There is no dispute that plaintiff would have been in perfect compliance with Pemco's leave policy had she contacted HRD instead of her supervisor. The facts in *Cavin* are sufficiently analogous to the case at bar that, were that case controlling authority, this court would set aside its earlier ruling and find summary judgment to be inappropriate.

      B.      **The Court's Rationale for Reaffirming its Decision**

The court disagrees with the Sixth Circuit's reasoning in *Cavin*. It finds more persuasive the Tenth Circuit opinion cited, and disagreed with, by the *Cavin* court. 346 F.3d at 721-22 (citing *Holmes*, 166 F.3d 1221, 1999 WL 9760 (10th Cir. Jan. 12 1999) (unpublished opinion)). The court also reaffirms its agreement with and reliance upon a case discussed in its original opinion, *Bones v. Honeywell International, Inc.*, 223 F. Supp. 2d 1203 (D. Kan. 2002). In that case, the defendant employer denied FMLA leave because the "plaintiff gave notice solely to defendant's medical department instead of notifying plaintiff's supervisor as well, *as defendant's own policies require*." *Bones*, 223 F. Supp. 2d at 1215 (emphasis added). As in the case at bar, the *Bones* plaintiff contended "that her request for medical leave constitute[d] sufficient notice to her company, and that she was unaware of any

8

requirement to call a medical leave absence in to her supervisor." *Id.* As noted in this court's original opinion, the *Bones* court found that an employer does not compromise the FMLA merely by "enact[ing] internal policies and procedures requiring employees seeking FMLA leave to notify a particular department or a particular supervisor." *Id.* at 1218 (citation omitted).

The court finds the decisions in *Holmes* and *Bones* to be more persuasive than *Cavin*. Although the FMLA regulations state that an employer may not deny FMLA leave to an employee who has given "timely verbal or other notice" but has failed to follow internal employer procedures, 29 C.F.R. § 825.302(d), what has occurred in the present case is a lack of any notice. There is a qualitative difference between the type of "verbal or other notice" contemplated in the implicit example[5] included in this regulation and the notice provided by plaintiff. In that example, the employee gives notice to the appropriate person, but does so by means that are not accepted under company policies. In the instant case, however, plaintiff gave notice by appropriate means, verbal notice by telephone, but did not give notice

---

[5] The regulation states:

> For example, an employer may require that written notice set forth the reasons for the requested leave, the anticipated duration of the leave, and the anticipated start of the leave. However, failure to follow such internal employer procedures will not permit an employer to disallow or deny an employee's taking FMLA leave if the employee gives timely verbal or other notice.

29 C.F.R. § 825.302(d). The "failure" implied by this example could be notice by telephone or other means, but, as the court will discuss, not notice to a person not responsible for accepting such notice on behalf of the employer.

to who she knew or should have known to be the appropriate person, specifically, someone in the HRD Department.[6]

Pemco had a rule in place for employees needing leave. The rule required notice to Pemco's HRD Department. Because plaintiff failed to provide notice to the appropriate entity, HRD, she cannot establish her FMLA claim. Under the facts of this case, to excuse plaintiff from notifying the correct person or department would impose on Pemco a duty not required under the FMLA. Such an obligation would mandate coordination between employees who receive notice of another employee's need for leave and the person or department charged with accepting and processing notice of that need.

To deny employers the right to insist that its employees notify certain designated personnel, when such a requirement is not disallowed by the FMLA, would in effect rewrite the statute to read that the employer cannot enforce its usual and customary notice

---

[6] It is undisputed that during her time at Pemco plaintiff had received at least thirteen leave of absence forms from Pemco (Doc. 12, Ex. A at 83-84), all of which stated in capital letters:
> IF YOU ARE UNABLE TO RETURN AT THE EXPIRATION OF THIS LEAVE, IT IS YOUR RESPONSIBILITY TO GET AN EXTENSION OF THIS LEAVE THROUGH THE HUMAN RESOURCES DEPARTMENT BY PHONING 595-9239.

(Doc. 12, Ex. A at ex. 1.) In spite of this instruction, plaintiff called only her supervisor to notify her that she would be absent, even though the supervisor had no responsibility to contact HRD about plaintiff's absence. (Doc. 12, Ex. D at 24-25.) The defendant employer in *Bones* had the same policy: its employees who learned of another employee's need for leave were not required to notify the proper person that the absent employee should have called. 223 F. Supp. 2d at 1203.

requirements. The court will not disturb its original decision granting defendant's Motion for Summary Judgment.[7]

## V.  CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's Motion to Reconsider is due to be denied. An Order denying plaintiff's motion will be entered contemporaneously with this Opinion.

**DONE** this the 31st day of March, 2005.

*Sharon Lovelace Blackburn*
——————————————
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff also makes a fundamental fairness argument based on the purposes of the FMLA. Her motion cites the court to the legislative history of the FMLA, in which it was stated that "it is unfair for an employee to be terminated when he or she is struck with a serious illness and is not capable of working." (Doc. 30 at 8 (citing S. Rep. No. 103-3 (1993), *reprinted in* 1993 U.S.C.C.A.N. 3, 13).) However, the belief that one should not lose her job because of illness and the belief that employers should be allowed to have reasonable requirements to streamline how they handle absent employees are not in conflict. Fundamental fairness is allowed to both parties; the rights of employees must be balanced with the rights of employers. "Notice [of an employee's need for leave] enables an employer to keep its business operating smoothly by bringing in substitutes or hiring temporary help." *Gilliam v. United Parcel Serv., Inc.*, 233 F.3d 969, 971 (7th Cir. 2000). Additionally, as the Eleventh Circuit noted, "an employer is entitled to expect that the employee [in need of unforeseeable leave] will be cognizant of . . . the operations of the employer." *Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1436 (11th Cir. 1997). If fairness protects an employee from losing her job due to illness, it is equitable that fairness requires her to follow reasonable notice requirements set by her employer when she falls ill.